UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 24-cr-459 (JMC) |
| | : | |
| RICHARD GUTOWSKI, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

The United States of America, by and through the undersigned Assistant U.S. Attorney, respectfully asks this Court to deny Richard Gutowski's ("defendant") motion to modify his conditions of release to allow him to travel to Washington, D.C. ECF No. 33. Specifically, the defendant asks this Court to travel to the District of Columbia for the purpose of attending the Presidential Inauguration on January 20, 2025. *Id*. at 1. The defendant presents a danger to the D.C. community, including the very law enforcement officers who defended the Capitol on January 6, 2021 and continue to serve the citizens of the District.

**FACTUAL BACKGROUND**

On January 6, 2021, thousands of rioters took part in an attack on the U.S. Capitol to stop the certification of the results of the 2020 presidential election. These rioters forced their way into the U.S. Capitol building, requiring elected officials and their staff to flee or shelter in place and resulting in hundreds of injured officers and even multiple deaths.

After the 2020 Presidential election, Richard Gutowski and his friend John Carl came to Washington, D.C. to attend then-President Trump's Stop the Steal Rally and to protest Congress's certification of the Electoral College vote count.

The two men listened to then-President Trump's speech from near the Washington

Monument. They then walked more than a mile from the Washington Monument to the U.S. Capitol.

Despite knowing that he was not allowed on Capitol grounds, Gutowski made his way up the stairs to the Capitol building with Carl. Gutowski saw other people breaking windows and entering the building through those windows. A person from inside the building then opened a door near Gutowski. Gutowski then entered the Capitol with Carl and many other rioters through the previously locked door. Gutowski admitted to FBI agents that he knew at that time that his entry was unlawful and that he was trespassing.

After his arrest on September 13, 2024, the Government agreed that Gutowski may remain on release pending trial, without a curfew, home detention, or monitoring – but not without conditions. Here, the condition that Gutowski be prohibited from traveling to Washington, D.C. except for his court proceedings is among the minimum conditions necessary to ensure the safety of the community. Richard Gutowski's involvement in the January 6, 2021 riot and the circumstances surrounding his arrest justify this restriction. Accordingly, the Court should deny Gutowski's motion.

## ARGUMENT

### I. Applicable Authority

Under the Bail Reform Act, if a judicial officer determines that release under two standard conditions (not committing crimes and cooperating in the collection of DNA) "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the judicial officer may impose additional conditions. 18 U.S.C. §§ 3142(b), (c)(1). In that event, the judicial officer shall release the defendant "subject to the least restrictive further condition, or combination of conditions" that "reasonably assure the appearance of the

person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The Court is authorized to impose "any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B)(xiv).

In determining appropriate conditions of release, the judicial officer considers factors including: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence"; (3) "the history and characteristics" of the defendant and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g) ("Section 3142(g) factors"). The judicial officer may amend a release order "at any time." 18 U.S.C. § 3142(c)(3).

## II.    The Court Should Not Modify the Defendant's Release Conditions

Gutowski asks the Court to modify his conditions of release to allow him to travel to Washington, D.C. on January 20, 2025. The United States opposes because Gutowski is already subject to the "least restrictive" combination of conditions necessary to ensure the safety of the community. 18 U.S.C. § 3142(c)(1)(B). Gutowski was not required to post bond, and is not subject to home detention, a curfew, or GPS monitoring; instead, he must submit to supervision by Pretrial Services, and cannot possess firearms. ECF No. 27. Together with these relatively limited conditions, a travel restriction to prevent Gutowski from returning to the scene of the crime creates the least restrictive combination of conditions required to mitigate the danger that he poses to the community and to law enforcement officers.

The restriction on unauthorized travel to the District of Columbia is well-reasoned, given the Defendant's alleged conduct on January 6, 2021 and the Court's need to ensure public safety. The last organized event the defendant attended in Washington, D.C., spiraled into a full-scale riot.

3

This was the scene of his charged crime — disorderly, disruptive conduct which contributed to the disruption of the peaceful transition of power.

The nature and circumstances of the offenses in Gutowski's case and the evidence in support of the charged offenses are serious. There is video evidence of Gutowski entering and remaining in the Capitol in spite of the obvious damage to the building and the alarms blaring. Gutowski's conduct and the extensive video and photographic evidence of his conduct weighs heavily in denying his motion.

This trip is not related to his preparation for his upcoming trial. Instead, it is a tourist visit.

The most compelling reason to deny Gutowski's motion is that allowing his travel to Washington, D.C. places Capitol police officers in danger. Gutowski points to his lack of violence on January 6, 2021 as support of a modification of his conditions of release. ECF 33 No. 33 at 1. However, many of the same officers from January 6, 2021 will be at the Capitol on January 20, 2025 and they will be tasked with doing the same thing they were tasked with on January 6, 2021 – trying to control a crowd to protect the nation's capital. Allowing Gutowski to return to Washington, D.C., specifically the Capitol building, could put him face to face with the officers that were attacked by the mob Gutowski joined, and would place him in the same circumstance in which he already demonstrated a disregard for the law. The least restrictive condition that protects Capitol police officers and reflects the weight of the evidence and seriousness of the charges offenses is to prohibit Gutowski's travel to Washington, D.C.

At least one other court in this district has ruled against an identical request by a January 6, 2021 rioter to come to the District of Columbia for the 2025 presidential inauguration. *See United States v. Belliveau*, 24-cr-327-TJK, Minute Order (1/2/2025).

**CONCLUSION**

For the reasons described above, the United States respectfully requests that this Court to deny Gutowski's motion to modify condition of release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Carolyn J. Jackson
      Carolyn J. Jackson
      D.C. Bar No. 1644971
      Assistant United States Attorney
      601 D Street N.W.
      Washington D.C. 20579
      carolyn.jackson@usdoj.gov
      (202) 252-7078
